In the Matter of the Application of ANNE W. CHENEY and Twenty-six Other Stockholders of THE SYRACUSE LIGHTING COMPANY, INC., for the Appointment of Appraisers to Appraise the Value of Their Stock.

Supreme Court, Onondaga County, July 13, 1938.

*Hancock, Dorr, Ryan & Shove, Estabrook, Estabrook & Harding, John F. Nash, Lee Carroll, Hiscock, Cowie, Bruce & Lee, Nottingham, Clymer, Smith & Paltz, G. Everett DeMore* and *Smith, Dolan & Gieselman,* for the petitioners.

*LeBoeuf, Machold & Lamb,* for the respondent corporation.

CREGG, J. This is an application to confirm the report of appraisers appointed upon motion of certain minority stockholders of The Syracuse Lighting Company, who objected to the consolidation of said company with the Central New York Power Corporation. The appointment of appraisers was made pursuant to the provisions of section 21 of the Stock Corporation Law of the State of New York.

The petitioning stockholders ask for costs pursuant to the provisions of section 1492 of the Civil Practice Act and for an additional allowance pursuant to sections 1513 and 1514 of the Civil Practice Act. It also becomes the duty of the court to fix the fees of the appraisers.

Upon the hearing of this application a motion was made by the attorneys for the respondent to sever the applications and to hear them separately. That motion was granted in so far as fixing the fees of the appraisers is concerned but denied in so far as the confirmation of the appraisers' report and the fixing of costs and extra allowance are concerned because the court is of the opinion that these two propositions are interlocked with each other.

The briefs of the respective parties cite in detail the evidence which they claim is important to sustain their various contentions. I am convinced that there is sufficient evidence in the record to sustain the report of the appraisers in fixing valuations upon the three classes of stock involved.

The appraisers who heard the testimony and observed the witnesses are in a much better position than this court to determine the credibility which should be given to the testimony of each witness produced. I, therefore, confirm the report of the appraisers in fixing the valuations of the stock as follows: For the 6 per cent, $106 per share; for the 6½ per cent, $111 per share; for the 8 per cent, $121 per share, with interest from July 1, 1937.

Various and strenuous objections were raised by the attorneys for the respondent concerning the right of this court to grant costs and, consequently, any extra allowance.

It was conceded upon the argument, and rightfully so, that the proceedings had herein are special proceedings within the meaning of sections 1492 and 1513 of the Civil Practice Act. That being so, it is clearly within the discretion of the court to grant costs and an extra allowance if the facts warrant such disposition.

I am of the opinion that each petitioner when he or she made application for the appointment of appraisers was entitled to ten dollars motion fees. Upon application of the respondent all of the proceedings were consolidated and tried as one so that together they are only entitled to one trial fee and the necessary disbursements incidental thereto, which may be taxed in the usual way. As to the extra allowance, I am convinced that this was a difficult and extraordinary proceeding within the meaning of sections 1492 and 1513 of the Civil Practice Act. I, therefore, grant the sum of $2,000 as an extra allowance to the petitioners represented by Hancock, Dorr, Ryan & Shove because it appears from the moving papers, briefs, etc., that they did substantially all of the work.

In so far as the appraisers' fees are concerned, which have been considered as a separate application, I feel that they have rendered faithful services herein, and, while I have considered that under certain circumstances they may not be entitled to a greater compensation per diem than a justice of the Supreme Court, nevertheless, during the trial and determination of the issues involved I can see where the attorneys on the commission have neglected their practice during these hearings, their overheads continued, and under the circumstances I feel that they are entitled to seventy-five dollars per diem for forty-five days actually occupied by them, or a total of $3,375 each. It will be noted from the affidavit filed by the appraisers that they spent considerable time on other occasions for which they do not ask any compensation.

Order may be entered accordingly.